# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANCIS L. FLUHARTY JR.,**
**Claimant Below, Petitioner**

**vs.)   No.  15-0996**  (BOR Appeal No. 2050205)
                              (Claim No. 2014004300)

**AAA MOBILE HOMES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Francis L. Fluharty, Jr., by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. AAA Mobile Homes, Inc., by its attorney, Lucinda Fluharty, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 2, 2015, in which the Board affirmed the January 27, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 12, 2014, closure of the claim for temporary total disability benefits and its September 15, 2014, denial of Mr. Fluharty's request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fluharty was injured on August 6, 2013, when his foot became trapped under part of an excavator. The injury resulted in Mr. Fluharty having his leg amputated above the knee. On February 3, 2014, Patricia Bailey, Ph.D., LPC, NCC, evaluated Mr. Fluharty to assess his cognitive and emotional functioning. She diagnosed him with post-traumatic stress syndrome and depression. Jack S. Koay, M.D., evaluated Mr. Francis on May 2, 2014. He determined Mr. Fluharty had reached maximum medical improvement and assessed 50% whole person impairment for the amputation of the left leg at thigh level. On May 12, 2014, the claims

1

administrator awarded Mr. Fluharty a 50% permanent partial disability award. The claims administrator closed the claim for temporary total disability benefits on May 12, 2014, as well.

Dr. Bailey started treating Mr. Fluharty for his psychological condition on June 26, 2011. On August 28, 2014, Dr. Bailey completed an attending physician benefits form stating Mr. Fluharty had not reached maximum medical improvement from a psychological standpoint and was unable to return to work until at least December 31, 2014. Mr. Fluharty then requested his claim be reopened for additional temporary total disability benefits. The claims administrator denied the request to reopen the claim on September 15, 2014. Stuart S. Burstein, M.D., performed a psychiatric independent medical evaluation on October 29, 2014. He agreed that Mr. Fluharty had post-traumatic stress disorder and depression. He also agreed Mr. Fluharty had not reached maximum medical improvement. However, he believed Mr. Fluharty was able to work and that it would be beneficial to him to do so.

The Office of Judges affirmed the claims administrator's closure of the claim for temporary total disability benefits and the claims administrator's denial of the request to reopen the claim for temporary total disability benefits in its January 27, 2015, Order. The Office of Judges found that Dr. Koay determined Mr. Fluharty had reached maximum medical improvement from a physical standpoint on May 2, 2014. Dr. Burstein did not believe Mr. Fluharty had reached maximum medical improvement from a psychiatric standpoint, but there was nothing preventing him from returning to work. Additionally, the only opinion stating Mr. Fluharty was not able to work was that of Dr. Bailey, a psychologist. The Office of Judges determined the medical evidence submitted with the reopening application was not from the treating physician, but from a treating psychologist. The Office of Judges determined that West Virginia Code of State Rules §85-20-6.1 mandates that the treating physician be responsible for coordinating health care and that the treating physician is specifically a medical doctor, osteopath, podiatrist, or chiropractor. Since Dr. Bailey is not one of these, the Office of Judges found the evidence did not support the reopening.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges. We agree with the reasoning of the Board of Review. The treating physician in this case is C.J. Meyers, D.O. He completed a diagnosis update adding the psychological conditions on July 17, 2014. Dr. Burstein determined Mr. Fluharty was not temporarily and totally disabled due to the psychiatric issues. Mr. Fluharty also testified he was capable, psychologically, of working. Therefore, the request to reopen was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**


**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum